IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**SHERRY A. TULK,**

    **Plaintiff,**

v.                                   **Case No. 2:17-cv-03079**

**MARSHALL UNIVERSITY, JEROME GILBERT,
WEST VIRGINIA UNIVERSITY,
WEST VIRGINIA REED COLLEGE OF MEDIA,
CHAD MEZERA, GORDON GEE,
WEST VIRGINIA STATE UNIVERSITY REED COLLEGE OF MEDIA,
MARSHALL COLLEGE OF ARTS & MEDIA, and SANRDA REED,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Declaring Default Judgment (ECF No. 10).

## PROCEDURAL HISTORY

On May 30, 2017, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and the instant Complaint (ECF No. 2), alleging copyright infringement by the defendants. The matter is before the undersigned for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and service of process has not yet occurred.

Nonetheless, on July 10, 2018, the plaintiff filed the instant Motion Declaring Default Judgment (ECF No. 10), asserting that the defendants are in default because they

have failed to appear and defend this action. However, the defendants have not yet been served with process and, thus, they are not in default. The plaintiff further incorrectly claims that the defendants disregarded a prior status conference held in this matter on April 18, 2018. Because the defendants had not been served with process, they were not obligated to attend that hearing.

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

The plaintiff's Motion for Default Judgment (ECF No. 10) was filed prior to proper service of process on any of the defendants. The defendants have no obligation to "plead or otherwise defend" against the plaintiff's Complaint until they are properly served with process. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motion is unwarranted and she is not presently entitled to entry of a default judgment or for any summary award of the relief demanded in the Complaint.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion Declaring Default Judgment (ECF No. 10). A separate Order will be entered concerning further proceedings in this matter.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 23, 2019

Dwane L. Tinsley
United States Magistrate Judge