IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SHERRY A. TULK,

      **Plaintiff,**

v.                                            **Case No. 2:17-cv-03079**

MARSHALL UNIVERSITY, JEROME GILBERT,
WEST VIRGINIA UNIVERSITY,
WEST VIRGINIA REED COLLEGE OF MEDIA,
CHAD MEZERA, GORDON GEE,
WEST VIRGINIA STATE UNIVERSITY REED COLLEGE OF MEDIA,
MARSHALL COLLEGE OF ARTS & MEDIA, and SANRDA REED,

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), which has been granted by separate Order, and a Complaint (ECF No. 2), followed by an Amended Complaint (ECF No. 5), alleging copyright infringement by the defendants. The matter is before the undersigned for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, service of process has not yet occurred.

## I.    STANDARD OF REVIEW

Where, as here, a plaintiff is proceeding *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A.*

*v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

A frivolous case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A frivolous claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).  The court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

## II.    THE PLAINTIFF'S ALLEGATIONS

Sherry A. Tulk (hereinafter "Tulk") filed her initial Complaint in this matter on May 30, 2017.  (ECF No. 2).  On August 18, 2017, Tulk filed an Amended Complaint (ECF No. 5), which is the operative document on which this matter is now proceeding.[1]  The

---

[1] As service of process had not yet occurred, Tulk was permitted one opportunity to amend without leave of court.  *See* Fed. R. Civ. P. 15(a)(1).

Amended Complaint names Marshall University ("MU"), Jerome Gilbert (MU's President), the MU College of Arts and Media, and Sandra Reed, a Professor of Art & Design at MU, as well as West Virginia University ("WVU"), Gordon Gee (WVU's President), the WVU Reed College of Media,[2] and its Assistant Dean of Online Programs, Chad Mezera. Although the factual allegations in the Amended Complaint are somewhat convoluted, the undersigned has been able to derive the following therefrom:

The Amended Complaint alleges that Tulk used computers located in the WVU Library to access and submit documents, which included her original copyright-registered work concerning her business marketing strategy, as part of a patent application to the United States Patent and Trademark Office ("USPTO") in Alexandria, Virginia. The Amended Complaint further alleges that, "within days" of her final submittal to the USPTO, WVU and Marshall University ("MU"), and their respective Colleges of Media, announced a collaborative INTEGRATED Marketing and Mass Communications event scheduled to occur on June 5, 2017. (ECF No. 5 at 2-3). Tulk further alleges that the "INTEGRATED Marketing & Mass Communications is a compilation of [her] protected marketing strategy" and that "this led [her] to discover her marketing strategy in use by WVU Reed College of Media and their student program, blog, and other works of Ms. Tulk's." (*Id.*)

The Amended Complaint further alleges that Tulk sent cease and desist letters via email and regular First Class Mail to the defendants herein on April 28, 2017. (*Id.* at 3).

---

[2] The undersigned notes that, in the style of the Amended Complaint, Tulk lists this defendants as "West Virginia State University Reed College of Media." The undersigned believes this was a typographical error, as it is apparent from the body of the Amended Complaint that she is referring to the Reed College of Media at West Virginia University, not West Virginia State University.

She then filed the instant civil action on May 30, 2017. The Amended Complaint further alleges that, subsequently, the date of the INTEGRATED marketing event was changed from June 5, 2017 to June 2-3, 2017, and that the announcement date was back-dated. (*Id.*)

### III.    DISCUSSION

To state a copyright infringement claim sufficient to comply with Rules 8(a)(2) and 12(b)(6), "a plaintiff must generally allege (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright." *Miracorp, Inc. v. Big Rig Down, LLC*, No. 08-2673-KHV, 2009 WL 10688833, *2 (D. Kan. Oct. 15, 2009). To prove that a defendant copied a protected work, a plaintiff must demonstrate that "the alleged infringer had access to the plaintiff's copyrighted work" and "that the works are substantially similar in their protected elements." *See Teller v. Dogge*, 8 F. Supp.3d 1228, 1234 (D. Nev. 2014) (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)).

Section 102 of Title 17 of the United States Code provides:

(a)  Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:

(1) literary works;
(2) musical works, including any accompanying words;
(3) dramatic works, including any accompanying music;
(4) pantomimes and choreographic works;
(5) pictorial, graphic, and sculptural works;
(6) motion pictures and other audiovisual works;
(7) sound recordings; and

(8) architectural works.

(b) <u>In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.</u>

17 U.S.C. § 102 (emphasis added). Thus, federal copyright protection extends only to those components of a work that are original to the author. *See Apps v. Universal Music Group, Inc.*, 283 F. Supp.3d 946, 951 (D. Nev. 2017); *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (a plaintiff must demonstrate "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.").

Moreover, copyright protection is expressly prohibited for ideas, procedures, concepts, methods of operation, principles, and discoveries, notwithstanding their form. 17 U.S.C. § 102(b); *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 836 (10th Cir. 1993) ("One of the fundamental tenets of copyright law is that protection extends only to the author's original expression and not the ideas embodied in that expression."); *Jacobsen*, 287 F.3d at 942 (quoting *Harper & Row, Publishers, Inc. v. Nation Enters*, 471 U.S. 539, 547 (1985) ("It is well settled 'no author may copyright facts or ideas.'"). Accordingly, "[a] central tenet of copyright law is that only a copyright owner's particular expression of his or her idea is protected, not the idea itself." *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp.2d 429, 440 (S.D.N.Y. 2011), *aff'd sub nom. Muller v. Anderson*, 501 F. App'x 81 (2d Cir. 2012) (citing 17 U.S.C. § 102(b)); *see also Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir. 1992) ("What is protected is the original or unique way that an author expresses . . . ideas, concepts, principles, or processes.") Thus, in examining the copyrighted and allegedly infringing works, a court must determine

5

"'whether the similarities shared by the works are something more than mere generalized idea[s] or themes.'" *Muller*, 794 F. Supp.2d at 440 (other citations omitted).

Tulk's Amended Complaint repeatedly asserts that the defendants are using her marketing **strategy** and **process**. Nowhere in the Amended Complaint does she identify any specific original written work that has been copied by the defendants. Rather, she merely asserts that the defendants are using and teaching similar **concepts**, which are not protectable. The Amended Complaint is deficient because it does not allege any specific original work which was allegedly infringed or specific infringing acts by any particular defendants and, thus it fails to satisfy the *Iqbal* plausibility standard.

Moreover, the Amended Complaint fails to state a plausible claim for relief against the defendants because they are entitled to absolute immunity under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[3] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, its agencies, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

---

[3] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

6

A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). In 1990, Congress enacted the Copyright Remedy Clarification Act ("CRCA"), PL 101-553 (1990), which amended the Copyright Act, 17 U.S.C. § 101 *et seq.*, and *inter alia*, abrogated the states' sovereign immunity. Specifically, 17 U.S.C. § 511 provides:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person . . . for a violation of any of the exclusive rights of a copyright owner provided by [federal copyright law].

17 U.S.C. § 511(a). Additionally, section 501(a) of Title 17 provides that "the term 'anyone' includes any State, any instrumentality of a State, and any officer or employee of a State, or instrumentality of a State in his or her official capacity.") 17 U.S.C. § 501(a).

However, in its recent decision in *Allen v. Cooper*, 895 F.3d 337, 354 (4th Cir. 2018), the Fourth Circuit joined "numerous other courts" in holding that Congress did not validly abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted the CRCA. "It is well established that any abrogation of a State's Eleventh Amendment immunity requires both a clear statement of congressional intent – which to be sure, § 511 provides – and a valid exercise of congressional power." *Id.* at 347. The *Allen* Court noted that, in *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996), the Supreme Court made it clear that Congress cannot rely upon its Article I powers to

abrogate Eleventh Amendment immunity.  The *Allen* Court then held that, in enacting the CRCA, Congress "used language that sweeps so broadly that the Act cannot be deemed a congruent and proportional response to the Fourteenth Amendment injury with which it was confronted" and, thus, the "wholesale abrogation of sovereign immunity for claims of copyright infringement is grossly disproportionate to the relevant injury under the Fourteenth Amendment and therefore abrogation cannot be sustained as an enactment that 'appropriate[ly] enforce[s] that Amendment.'"  *Id*. at 351, 353.  Therefore, state entities may still claim sovereign immunity on copyright infringement claims under the Eleventh Amendment.

Thus, the undersigned further proposes that the presiding District Judge **FIND** that WVU, the WVU Reed College of Media, MU, and the MU College of Media, all of which are arms of the State of West Virginia, and the individual defendants in their official capacities as employees of the State of West Virginia (collectively "the State Defendants") are immune from suit for monetary damages under the Eleventh Amendment.  *See, e.g., West Virginia Univ. Bd. of Governors ex rel. West Virginia Univ. v. Rodriguez*, 543 F. Supp.2d 526, 535 (N.D. W. Va. 2008) ("West Virginia University and its Board are arms and alter egos of the State of West Virginia"); *Klug v. Marshall Univ. Joan C. Edwards School of Med.*, No. 3:18-cv-00711, 2019 WL 1386403, *9 (S.D. W. Va. Mar. 27, 2019) (plaintiff's claim barred by the Eleventh Amendment).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Tulk's Amended Complaint fails to state a claim upon which relief can be granted against the State Defendants to that extent. Additionally, given the pleading deficiencies of the Amended Complaint, Tulk cannot meet the exception to Eleventh Amendment immunity under *Ex Parte Young*, 209 U.S.

8

123 (1908) because she has not sufficiently alleged an ongoing violation of federal law for which she can seek prospective injunctive relief.

## IV.  RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DIMISS** this civil action, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and because it seeks monetary relief from defendants who are immune from such relief.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have **fourteen (14) days** from the date of filing of this Proposed Findings and Recommendation within which to **electronically file** with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 14, 2020

Dwane L. Tinsley
United States Magistrate Judge